NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

———————————

**DIRECTPACKET RESEARCH, INC.,**
*Appellant*

**v.**

**POLYCOM, INC.,**
*Appellee*

———————————

2021-1661

———————————

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. IPR2019-01233.

———————————

Decided:  January 26, 2022

———————————

TERENCE P. ROSS, Katten Muchin Rosenman LLP, Washington, DC, argued for appellant.  Also represented by CHRISTOPHER FERENC, ERIC THOMAS WERLINGER.

GEOFFREY P. EATON, Winston & Strawn LLP, Washington, DC, argued for appellee.  Also represented by DAVID DALKE, Los Angeles, CA; NOOROSSADAT TORABI, San Francisco, CA.

———————————

Before MOORE, *Chief Judge*, DYK and REYNA, *Circuit Judges*.

MOORE, *Chief Judge*.

directPacket Research, Inc. appeals an *inter partes* review final written decision holding claims 1–23 of U.S. Patent No. 7,773,588 would have been obvious.  For the following reasons, we vacate and remand.

BACKGROUND

directPacket owns the '588 patent, which is titled "System and Method for Cross Protocol Communication."  That patent relates to facilitating multimedia communication between devices that use incompatible communication protocols. '588 patent at 1:6–8; 2:3–5.  To overcome incompatibility issues, the invention includes a communication controller, which receives a multimedia data stream from a communication device in a first protocol and converts the stream into an intermediate protocol. *Id.* at 2:5–10.  The multimedia data stream in the intermediate protocol is transmitted to a second communication controller, which converts the data stream to a second protocol that is compatible with the destination communication device. *Id.* at 2:15–18.  Claim 1 is representative for this appeal:

> 1. A method for multimedia communication comprising:
>
>> receiving a *multimedia data stream* at a communication controller in a first protocol from a communication device, wherein the first protocol comprises a signaling protocol;
>>
>> detecting a type of said first protocol;
>>
>> converting said first protocol into an intermediate protocol;

> translating said intermediate protocol into a second protocol, wherein the second protocol comprises a signaling protocol; and
>
> transmitting said multimedia data stream in said second protocol to a target communication device;
>
> wherein said first protocol comprises one of a text-based protocol and a binary protocol and wherein said second protocol comprises one of a binary protocol and a text-based protocol.

(emphasis on disputed language).

Polycom, Inc. petitioned for *inter partes* review of all claims of the '588 patent, which the Board instituted. Throughout the proceedings, the parties agreed the claimed multimedia data stream could include signaling messages used to establish communications, but they disputed whether the stream must include media messages. *Polycom, Inc. v. Directpacket Rsch., Inc.*, No. IPR2019-01233, 2021 WL 96053, at *5–6 (P.T.A.B. Jan. 11, 2021). The Board held that a multimedia data stream "does not have to consist of both signaling and media messages, and may be a signaling message only." *Id.* at *8. Based on that construction, the Board determined that all claims of the '588 patent would have been obvious. *Id.* at *33. direct-Packet appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(4)(A).

## DISCUSSION

We review claim construction de novo and any subsidiary factual findings based on extrinsic evidence for substantial evidence. *Cisco Sys., Inc. v. Int'l Trade Comm'n*, 873 F.3d 1354, 1360 (Fed. Cir. 2017). Claim terms are generally given their plain and ordinary meaning, which is the meaning one of skill in the art would ascribe to a term when read in the context of the claims, written description,

and prosecution history. *See Phillips v. AWH Corp.*, 415 F.3d 1303, 1313–14 (Fed. Cir. 2005) (en banc).

A multimedia data stream is a data stream that includes multiple forms of media data (e.g., sound, video, and text data). This meaning is clear from the adjective multimedia that modifies "data stream" and, as Polycom admits, means more than one media. Oral Arg. at 18:00–06, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1661_12092021.mp3. Polycom does not dispute that the plain meaning of the term requires media data. Instead, it argues the claimed "multimedia data stream" must encompass a data stream that contains only signaling data for two reasons. First, Polycom argues the claim language facilitates communication with "a signaling protocol" only, which is incapable of communicating media messages. Second, Polycom argues any contrary construction would exclude a preferred embodiment. We do not agree.

The multimedia data stream is received "in a first protocol . . . wherein the first protocol *comprises* a signaling protocol," but that doesn't limit the data stream to signaling data only. Comprises is an open-ended word that does not foreclose the first protocol from containing other non-signaling protocols capable of communicating media. *See, e.g., Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1409 (Fed. Cir. 2004). Furthermore, the written description explains that a communication protocol may "rely on *multiple* other protocols . . . for sending and receiving multimedia traffic." '588 patent at 1:32–35 (emphasis added). Thus, just because the first protocol includes a signaling protocol does not mean it does not also contain other protocols capable of communicating media. *See, e.g., id.* at 1:48–53 (listing VoIP as an example of a communication protocol). For the same reasons, the claim language requiring translation of an intermediate protocol into a second protocol that also "comprises a signaling protocol" does not limit the multimedia data stream.

Construing "multimedia data stream" to require media does not read out an embodiment. Polycom argues that the embodiment in figure 1A uses only the Session Initiation Protocol (SIP), a signaling protocol, and, therefore, construing multimedia data stream to require media would read out that embodiment. However, figure 1A does not disclose a SIP-only embodiment. Indeed, the figure does not mention SIP; it merely shows the embodiment uses text-based and binary communication protocols. And the associated written description identifies SIP as just one example of a text-based protocol. '588 patent at 3:25–39. The written description also clarifies that "[o]ther protocols may be used as well." *Id.* Thus, requiring the multimedia data stream to contain media does not read out the embodiment of figure 1A.

We construe the term multimedia data stream according to its plain and ordinary meaning, which must include media. Because the Board applied an erroneous construction that affects every independent claim and, under the correct construction, factual issues exist on the proper outcome, we vacate the Board's final written decision and remand for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

COSTS

Costs to directPacket.